His Honor, EMILE GrODCHAUX,
rendered the opinion and decree of the Court, as follows:
Plaintiff seeks to hold the wife liable personally upon a balance of account amounting to $1,941.74, fop wearing apparel ¡and household accessories furnished to her during the marriage.
She is separate in property from her husband by marriage contract and it is established beyond doubt that the account was opened and kept in her name and that the credit was contracted by and extended to her alone and not to the husband, who “has no property nor independent means outside a modest salary.”
But the foregoing is substantially .all that the record discloses. And particularly is there no evidence of the *479 assent or authorization of the husband, which is essential to the contracts of the wife, even though she be separate in estate from him. R. C. C., 122. The incident that the goods were delivered to her or that the articles of personal apparel were presumably worn by her in her husband’s presence, does not suffice as proof of his express or implied concurrence and furnishes no indication that he knew when, from whom or upon what terms the purchases were effected..
Nor is there any merit in the contention that the allegation in the petition of the husband’s authorization must be taken as confessed because it is not denied “specifically” in the answer as required by Acts 157 of 1912 and 300 of of 1914. The answer denies all the allegations contained in that paragraph of the petition wherein the husband’s authorization is averred, and we have recently held that this constitutes a compliance with the statutory requirements.
Newspaper Feature Service Inc. vs. Southern Publishing Company, Ltd., No. 6688 of our docket.
Moreover there is no evidence that the articles constituted necessaries or that the husband failed to provide same. R. C. C., 1786.
Being satisfied that this and other evidence necessary to an adjudication, upon the rights of the parties can be secured without difficulty upon a remand of the case, we have concluded to adopt that course.
The judgment is accordingly annulled and set aside and the cause is remanded for further proceedings according to law and the views herein expressed, plaintiff *480 paying the costs of appeal, and all otherjcosts to await final judgment.
Opinion and decree, June 26th, 1916.
Rehearing refused, July 12th, 1916.
Beversed and remanded.